963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Eric WILLIAMS, Defendant-Appellant.
 No. 91-1989.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992.
 
 Before KENNEDY and SILER, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant, Darrell Williams, pled guilty to four counts of attempting to bring illegal aliens into the United States in violation of 8 U.S.C. § 1324(a)(2). Defendant's sentence was calculated using a combined adjusted offense level of fourteen (14) and criminal history category of I. After concluding, among other things, that one or more of the aliens smuggled into the United States were "vulnerable victims" within the meaning of United States Sentencing Guideline ("USSG") § 3A1.1, the district court imposed a two-level upward adjustment. Defendant appeals his twenty-one (21) months sentence, alleging that the upward adjustment was improper. For the reasons set out herein, we AFFIRM.
 
 I.
 
 2
 In September, 1989, defendant was stopped by a United States Immigration Inspector at the Canadian border when he attempted to smuggle two illegal aliens into the United States. After a similar incident in December, 1989, defendant entered into a pretrial diversion agreement, which allowed him to avoid prosecution on the smuggling charges provided he did not commit any further crimes for twelve months.
 
 
 3
 In March, 1990, defendant was caught attempting to smuggle an illegal female alien ("Mason") into the country. Mason testified that she paid defendant $1,500.00 to bring her into the country so she could be reunited with her husband. In November, 1990, defendant was stopped while transporting another illegal female alien ("Siddo") into the United States. She testified that she had agreed to perform sexual favors for defendant in return for his bringing her into the country so that she could be reunited with her husband. Defendant coached each of the women on how to act and what to say if stopped by the Immigration Inspectors. None of the females brought in any luggage, and Siddo's four children were left behind in Jamaica.
 
 II.
 
 4
 For the first time, defendant raised at oral argument that the smuggled aliens are not "victims" at all under the Sentencing Guidelines, but are actually confederates in the crime. Inasmuch as defendant did not raise this issue before the district court, we must decide initially whether this court should even consider the question. "It is the general rule ... that a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120 (1976). However, in "exceptional cases or particular circumstances," id., the court may decide the question. This is not such an exceptional case nor do particular circumstances arise, such as a recently decided case not available when the matter was before the district court. It poses a distinct disadvantage not only to the district court, which had no opportunity to decide the issue, but also to the prosecution, which had no opportunity to counter the argument in its brief. Therefore, we will leave to another case the issue of whether the smuggled women were victims, as that issue has been waived by defense counsel. The only issue to be resolved is whether the smuggled women were vulnerable victims under the Sentencing Guidelines.
 
 III.
 
 5
 Victim vulnerability adjustments apply to offenses where an unusually susceptible victim is made a target of the defendant's criminal activity. USSG § 3A1.1, Application Note 1. Susceptibility means that "one is more likely to be a victim because of a particular trait." United States v. Salyer, 893 F.2d 113, 116 (6th Cir.1989). The victim vulnerability adjustments do not apply where the offense guideline specifically incorporates this factor. USSG § 3A1.1, Application Note 2. The offense guideline, USSG § 2L1.1, provides for base offense level adjustments where the defendant committed the offense other than for profit, if defendant is an illegal alien or has been previously convicted for the same or similar offense. Although defendant's victims, except Siddo,[1] paid money to be smuggled into the country, their "vulnerability" warranting the two level adjustment is not addressed by USSG § 2L1.1. The female aliens vulnerability included the language barriers and cultural limitations faced in a foreign country. In addition, their vulnerability was even greater because they were seeking reunions with their husbands, were travelling alone without any luggage, and had left family members behind. The offense guideline did not specifically incorporate these factors set out herein, although it incorporated the profit or money factor. Thus, the district court properly calculated defendant's sentence using a two-level upward adjustment to an offense level total of fourteen (14). Accordingly, this court AFFIRMS defendant's sentence.
 
 
 
 [1]
 Defendant conceded that the victim vulnerability adjustment is appropriate in Count IV involving Siddo, but as no profit was involved in that transaction, he urges that its total offense level was 12 vice 14 as calculated by the court